**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
UNITED STATES OF AMERICA,           :    1:06 Cr. 1067-01 (JFK)

    -against-                         :    **Memorandum Opinion**
                                                                                                              **& Order**

DAVID SARNA,                        :

        Defendant.                  :
------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

        Defendant David Sarna ("Sarna") requests early termination of supervised release or, in the alternative, the removal of conditions that restrict his travel. Additionally, he requests the return of his passport from the Government. For the reasons below, the applications are denied.

        On November 21, 2006, Sarna pleaded guilty pursuant to a plea agreement to one count of conspiracy to commit securities fraud. The plea agreement stipulated to a Guidelines range of 18 to 24 months. On March 15, 2007, the Court sentenced him to a term of one year and one day in prison, to be followed by a two-year term of supervised release. This sentence reflected a downward departure based on Sarna's family circumstances. Sarna has served his prison term and his first year of supervised release.

        A district court may, after considering certain factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release after one year of supervised release, if the

defendant's conduct and the interests of justice so warrant. 18 U.S.C. § 3583(e)(1). The factors which the Court should consider are as follows: the nature and circumstances of the offense and the history and characteristics of the defendant, id. § 3553(a)(1); the need to deter criminal conduct, id. § 3553(a)(2)(B); the need to protect the public from further crimes of the defendant, id. § 3553(a)(2)(C); the need to provide the defendant with correctional treatment, id. § 3553(a)(2)(D); the kinds of sentence and the sentencing range established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements, id. § 3553(a)(4); any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing, id. § 3553(a)(5); the need to avoid unwarranted sentence disparities among similar defendants, id. § 3553(a)(6); and the need to provide restitution, id. § 3553(a)(7). According to the Second Circuit, "early termination of supervised release is within the discretion of the district court and is only occasionally warranted due to changed circumstances of a defendant, such as exceptionally good behavior." United States v. Katz, No. 02 Cr. 1586 (JFK), 2008 WL 4699832, at *1 (S.D.N.Y. Oct. 23, 2008) (quoting Karacsonyi v. United States, No. 97-1220, 1998 U.S. App. LEXIS 15107, at *5 (2d Cir. June 10, 1998).

In seeking early termination, Sarna points out that since his release he has complied with all required conditions of supervised release, including the payment of fine and restitution, and has provided for his family. He has not engaged in any securities transactions and has written a book on securities fraud, which he believes will educate the public and deter others from making the mistake he made. He also mentions the difficult family circumstances that provided the basis for downward departure at sentencing.[1]

The Court finds that Sarna's post-release conduct does not rise to the level of "exceptionally good behavior" that would warrant early termination of supervised release. Complying with court-imposed sanctions and providing for one's family is expected. Although Sarna appears to be on the right path, the Court believes that completion of his full term of supervised release appropriately reflects the seriousness of his offense and promotes general deterrence, especially in view of the substantial break he received at sentencing.

The Court also denies Sarna's request for the removal of all travel restrictions and the return of his passport. The terms of his supervised release already have been modified to permit him to travel freely throughout New Jersey, New York, and

---

[1] In ruling on this application, the Court deems immaterial the uncharged, pre-conviction conduct alleged by the Government in its letter dated August 18, 2009. This letter will not be filed publicly.

3

Connecticut without prior approval from the Probation Department. The Court sees no ground to lift all travel restrictions or order the return of his passport at this time.

Accordingly, the application is denied in all respects.

SO ORDERED.

Dated:  New York, New York
        August 26, 2009

                                        _____
                                             JOHN F. KEENAN
                                        United States District Judge